OPINION
{¶ 1} Defendant-appellant, Bernard Waldon, appeals the decision of the Domestic Relations Division of the Butler County Court of Common Pleas, dividing his former wife's 401(k) plan. We affirm the decision of the trial court.
 {¶ 2} The parties were married on May 24, 1990. In June 2002, Sue Waldon filed a complaint for divorce. The parties settled all of their issues except for the division of Mrs. Waldon's 401(k) plan.
 {¶ 3} Mrs. Waldon began her employment in August 1973 and she began to make contributions to a retirement plan established by her employer. At the date of their marriage, Mrs. Waldon had a balance in her Qualified Savings Plan of $27,754.26 and a balance in her Deferred Income and Stock Ownership plan of $26,081.07, for a total of $53,772.33. In 1991, the two plans were merged together to form one 401(k) plan.
 {¶ 4} She continued to make contributions after the parties' marriage in May 1990. Between the date of the marriage and the time that Mrs. Waldon terminated her employment, the couple had contributed an additional $50,000 to the 401(k) plan. When Mrs. Waldon terminated her employment in December 1996, the plan was valued at $163,500.
 {¶ 5} As of October 1, 2002, which was the termination date of the marriage for valuation purposes, the account was valued at $251,576.65. After hearing the evidence, the trial court determined that it was equitable to apply the coverture fraction in dividing the 401(k) because nearly 17 years of contributions to the retirement plan represented Mrs. Waldon's separate non-marital property, and approximately six years of contributions were marital in nature. Based upon the coverture fraction, the trial court determined appellant was entitled to receive $32,503.70 and Mrs. Waldon was entitled to receive $219,072.94. Appellant appeals the decision raising a single assignment of error as follows:
 {¶ 6} "The trial court erred to the prejudice of defendant-appellant in the manner in which it divided the 401(K) plan."
 {¶ 7} Appellant argues that "if separate property increases in value during the marriage, the burden is upon the spouse claiming the increase to be separate property to prove through tracing that the increase is her own separate property because, otherwise, the increase is considered marital property to be equitably divided by a domestic relations court."
 {¶ 8} A trial court has wide discretion in making a division of property in domestic relations cases. Berish v. Berish
(1982), 69 Ohio St.2d 318, 319. Absent an abuse of discretion, a reviewing court must not reverse the decision of the trial court regarding property division. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401. An abuse of discretion connotes an attitude by the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} A 401(k) plan is a retirement benefit. See Kaiser v.Kaiser (Dec. 6, 2001), Cuyahoga App. No. 78550; Stacey v.Stacey (Apr. 6, 2001), Lucas App. No. L-00-1079. When considering a fair and equitable distribution of pension or retirement benefits in a divorce, "the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." Hoytv. Hoyt (1990), 53 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 10} The trial court found that at the time of the parties' marriage, Mrs. Waldon had two retirement accounts at her place of employment totaling $53,772.33. During the parties' marriage, an additional $50,000 was contributed to her retirement account. On September 30, 2002, the valuation date for the purpose of this divorce, her 401(k) plan had a value of $251,576.65.
 {¶ 11} Mrs. Waldon was hired in August 1973. The parties' marriage took place in May 1990. Thus, Mrs. Waldon's pre-marital contributions to the retirement accounts continued for 201 months. The date of last contribution to the retirement account was in March 1996. Thus, the post-marital contributions continued for 70 months.
 {¶ 12} The trial court concluded that the total contributions to the retirement account continued for 271 months. The marital contributions to the account comprised 70 of the 271 months. The trial court concluded that appellant was entitled to half of the marital amount of the 401(k) plan. Therefore, applying the coverture fraction, the trial court determined that appellant was entitled to $32,503.70.[1]
 {¶ 13} Consequently, Mrs. Waldon was entitled to the remaining $219,072.94. The court determined that this was not an unreasonable result given the fact that Mrs. Waldon had virtually 17 years of accumulation in the retirement accounts prior to the marriage, and that contributions after the marriage lasted almost six years.
 {¶ 14} Based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the retirement plan, the trial court decided to divide the account applying the coverture fraction. A reviewing court may not reverse the trial court's property division unless it constitutes an abuse of discretion. Middendorf, 82 Ohio St.3d at 401. Applying the coverture fraction under the circumstances of this case was not unreasonable, arbitrary, or unconscionable. SeeBlakemore, 5 Ohio St.3d 217. Consequently, the assignment of error is overruled.
 {¶ 15} The judgment is affirmed.
Judgment affirmed.
Powell and Walsh, JJ., concur.
[1] Applying the coverture fraction, the trial court found that 70/271 = 25.84%/2 = 12.92% x $251,576.65 = $32,503.70.